IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                        CR. No. 04-666 JAP

TRAVIS DENNY,

    Defendant(s).

## MEMORANDUM OPINION AND ORDER

On May 28, 2019, Defendant Travis Denny (Defendant) filed DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (Doc. 178). Following appointment of counsel, on October 7, 2019, Defendant amended his motion in DEFENDANT'S AMENDED MOTION FOR SENTENCE REDUCTION AND EARLY RELEASE PURSUANT TO THE FIRST STEP ACT (Doc. 180) (Motion). In his Motion, Defendant asks the Court to modify his sentence under the Fair Sentencing Act of 2010 (Fair Sentencing Act) as made retroactive by the First Step Act of 2018 (FSA). On November 4, 2019, the Government responded in UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582 AND FIRST STEP ACT OF 2018 (Doc. 183) (Response). On November 25, 2019, Defendant replied in DEFENDANT'S REPLY IN SUPPORT OF HIS AMENDED MOTION FOR SENTENCE REDUCTION AND EARLY RELEASE PURSUANT TO THE FIRST STEP ACT (Doc. 185) (Reply). The United States argues that Defendant is not eligible for FSA. The Court agrees and will deny Defendant's Motion.

1

**PROCEDURAL HISTORY**

On April 13, 2004, a federal grand jury indicted Defendant on one-count of possession with intent to distribute 500 grams or more of a substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[1] On August 11, 2004, the grand jury superseded the indictment to include a Sentencing Allegation that under United States Sentencing Guideline (Guidelines) § 3C1.1, Defendant "willfully obstructed, impeded or attempted to impede the administration of justice during the course of the investigation by striking a government official and attempting to flee with the cocaine he possessed."[2]

On January 18, 2007, after a motion to suppress was granted by the Court but overturned by the Tenth Circuit,[3] Defendant pleaded guilty to the Superseding Indictment without the benefit of a plea agreement. On September 26, 2007, the Court sentenced Defendant. In determining the sentence, the Court found that Defendant was a career offender whose criminal history was overrepresented. The Court reduced Defendant's criminal history category from a VI to a V, which gave Defendant a guideline range of 324 to 405 months. The Court then varied 84 months downward and imposed a sentence of 240-months in custody.[4]

On November 2, 2009, Defendant filed a Motion under 28 U.S.C. § 2255 seeking to vacate or adjust his sentence.[5] On August 18, 2010, Magistrate Judge Karen B. Molzen recommended that the Court deny Defendants Section § 2255 Motion because it was untimely.[6]

---

[1] *See* INDICTMENT (Doc. 11).
[2] *See* SUPERSEDING INDICTMENT (Doc. 29).
[3] *See* MEMORANDUM OPINION AND ORDER (Doc. 47); *United States v. Denny*, 441 F.3d 1220 (10th Cir. 2006).
[4] *See* TRANSCRIPT OF EVIDENTIARY HEARING AND SENTENCE HEARING (Doc. 129) at 50-51.
[5] *See* motions to VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 (Doc. 130), MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255 (Doc. 131), and AFFIDAVIT (Doc. 132).
[6] *See* PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (DOC. 152).

On December 16, 2010, the Court adopted Judge Molzen's recommendations over Defendant's objections.[7] Defendant appealed. On November 16, 2012, the Tenth Circuit affirmed.[8]

Subsequently, the United States Sentencing Commission adopted and made retroactive Amendment 782, which lowered the sentencing drug tables by two levels. On February 10, 2015, Defendant filed a motion asking the Court to resentence him under 18 U.S.C. § 3582(c)(2).[9] The Court denied Defendant's motion, finding that Defendant was ineligible for sentence modification because his sentencing range was not based on the drug quantity table but on his status as a career offender.[10] After the Court denied Defendant's motion for reconsideration,[11] Defendant asked the Tenth Circuit for authorization to file a second or successive petition under § 2255. The Tenth Circuit denied his request.[12] Now, Defendant seeks resentencing under the Fair Sentencing Act and the FSA.

## APPLICABLE LAW

Defendant asks the Court to modify his 240-month custodial sentence for possession with intent to distribute 500 grams or more of cocaine in violation of §§ 841(a)(1) and 841(b)(1)(B). "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). In 18 U.S.C. § 3582(c) Congress provided courts with three statutory sources of authority to modify imposed sentences: (1) modification under the specific circumstances delineated in § 3582(c); (2) correctional modification under the terms of Federal

---

[7] *See* DEFENDANT-PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION FILED AUGUST 18, 2010 (Doc 154), and ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 156).
[8] *See United States v. Denny*, 694 F.3d 1185 (10th Cir. 2012).
[9] *See* MOTION FOR RETROACTIVE APPLICATION OF UNITED STATES SENTENCING GUIDELINE AMENDMENT 782 PURSUANT TO 18 USC § 3582(c)(2) (Doc. 164).
[10] *See* ORDER (Doc. 167) (Order Denying Motion for Reduced Sentence under § 3582(c)(2)).
[11] *See* ORDER (Doc 174).
[12] *See* ORDER (Doc. 177).

Rule of Criminal Procedure 35; or (3) modification based on the invalidity or impropriety of a sentence under 18 U.S.C. § 3742. *United States v. Spaulding*, 802 F.3d 1110, 1121 n.11 (10th Cir. 2015) (discussing three sources of authority for modification). Under § 3582(c)(1)(B)[13] modification is appropriate "to the extent otherwise expressly permitted by statute." Defendant argues that the Fair Sentencing Act as made retroactive by the FSA gives the Court statutory authorization to modify his sentence.

The Fair Sentencing Act amended certain provisions of the 1986 Anti-Drug Abuse Act (1986 Drug Act), 100 Stat. 3207. The 1986 Drug Act established mandatory minimum penalties of 5 and 10 years for drug offenses according to the type and quantity of drugs involved. *Dorsey v. United States*, 567 U.S. 260, 266 (2012). Significantly, powder cocaine[14] and cocaine base[15] were treated differently under the 1986 Drug Act. Offenders convicted of possessing 500 grams or more of powder cocaine faced a minimum sentence of 5 years, while 10,000 grams of powder cocaine triggered a minimum sentence of 10 years. 21 U.S.C. §§ 841(b)(1)(A)(ii), (B)(ii) (2006 ed. and Supp. IV); *see also Dorsey*, 567 U.S. at 266. In contrast, an offender convicted for a cocaine base offense would face a minimum of 5 years for only 5 grams of cocaine base, while 50 grams of cocaine base would trigger a 10-year minimum sentence. 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii) (2006 ed. and Supp. IV); *see also Dorsey*, 567 U.S. at 266. This created

---

[13] Defendant does not cite § 3582(c)(1)(B). But his brief asserts that three changes in the law support his Motion. *See* Motion (Doc. 180) at 5.

[14] Section 841(b)(1)(A)(ii) and 841(b)(1)(B)(ii) refers to "cocaine, its salts, optical and geometric isomers, and salts of isomers" not "powder cocaine." However, courts customarily differentiate between the cocaine described in these sections from the cocaine base described in § 841(b)(1)(A)(iii) and § 841(b)(1)(B)(iii) by calling the former, powder cocaine, and the latter, cocaine base. *See e.g. United States v. Thurmond,* 7 F.3d 947, 952 (10th Cir. 1993) ("[C]ocaine base is simply a different drug than cocaine powder, with a different chemical composition."). The Court will use that convention here.

[15] The Guidelines equate the term "cocaine base" with "crack." According to the Guidelines, "'[c]rack is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." *See* U.S.S.G. § 2D1.1 n.(D). But in *DePierre v. United States*, 564 U.S. 70, 89 (2011), the Supreme Court rejected the Guidelines' definition and explained "that the term 'cocaine base' as used in § 841(b)(1) means not just "crack cocaine," but cocaine in its chemically basic form." Accordingly, the Court will use the term "cocaine base" in its discussion.

a 100:1 sentencing disparity where "every gram of crack cocaine [was treated] as the equivalent of 100 grams of powder cocaine." *Kimbrough v. United States*, 552 U.S. 85, 96 (2007). The Guidelines used the offense levels for the 5- and 10-year minimum sentences in the 1986 Drug Act "as reference points and then extrapolating from those two amounts upward and downward to set proportional offense levels for other drug amounts." *Dorsey*, 567 U.S. at 268 (citing *Kimbrough*, 552 U.S. at 97). In 2010, The Fair Sentencing Act amended § 841(b)(1) to reduce the inequality between penalties for powder cocaine and cocaine base.

Section 2 of the Fair Sentencing Act increased the threshold quantities of cocaine base that activates § 841(b)(1)(A)(iii) from 50 grams to 280 grams, and it increased the quantity of cocaine base that activates § 841(b)(1)(B)(iii) from 5 grams to 28 grams. *See* 124 Stat. 2372 § 2(a), (2010) (codified in 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii)); *see also Dorsey*, 567 U.S. at 269 (discussing purpose and effect of Fair Sentencing Act). By increasing the quantities of cocaine base that triggered these offenses, the Fair Sentencing Act reduced the cocaine base to cocaine powder penalty imbalance from a 100 to 1 ratio to an 18 to 1 ratio. *Dorsey*, 567 U.S. at 269. Subsequently, the Sentencing Commission changed the Guidelines to implement the Fair Sentencing Act. These changes resulted in reductions of guideline ranges applicable to cocaine base offenses. *See* U.S.S.G. § 1B1.10 (describing policy and process due to a reduction in a Guidelines range).

The Fair Sentencing Act took effect on August 3, 2010. *Dorsey*, 567 U.S. at 270. After its passage, section 2 of the Fair Sentencing Act applied both to §§ 841(b)(1)(A)(iii) and (B)(iii) offenses that occurred after its enactment and to those defendants who offended prior to the Fair Sentencing Act's enactment but were sentenced after its effective date. *Id.* at 281. However, the Fair Sentencing Act did not apply retroactively to those who had been sentenced before August

3, 2010. That changed on December 21, 2018 when the FSA made some of the Fair Sentencing Act's amendments retroactive. Pub. L. No. 115-319, 132 Stat. 5194, § 404 (Dec. 21, 2018).

Section 404 of the FSA authorizes the resentencing of defendants sentenced before August 3, 2010 for a "covered offense." *See* FSA, 404(a). Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."[16] *Id*. Significantly, section 2 of the Fair Sentencing Act amends only the two subsections of § 841(b)(1) that address penalties for cocaine base—§§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). Under 404(b), a court "may . . . impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). But a court may not consider a motion made under § 404 if the "sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.* § 404(c). A court has discretion to determine whether a reduction under § 404 is warranted. *Id*.

## ANALYSIS

Defendant argues that § 3582(c)(1)(B) coupled with the Fair Sentencing Act and the FSA permits the Court to modify his sentence.[17] To be eligible for sentence modification under the

---

[16] Section 3 of the FSA eliminated the mandatory minimum sentence of simple possession. Defendant does not argue that section 3 is relevant here.

[17] As the Government observes, Defendant does not explicitly reference § 3582(c)(1)(B); however, his citations to the Fair Sentencing Act and the FSA indicate that § 3582(c)(1)(B) is the subsection on which he relies. Moreover, Defendant's previous unsuccessful attempt to modify his sentence under § 3582(c)(2), which provides for modification based on a "sentencing range that has subsequently been lowered by the Sentencing Commission," would bar him from proceeding under that subsection here. The Court found that Defendant was statutorily ineligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) because "Defendant's advisory sentencing range was based on his career offender status, and not on the Drug Quantity Table." Order Denying Motion for Reduced Sentence under § 3582(c)(2) (Doc. 167).

Fair Sentencing Act as made retroactive by the FSA, a defendant must establish three elements: (1) he was convicted for violating a federal criminal statute modified by section 2 or 3 of the Fair Sentencing Act; (2) he committed the qualifying offense before August 3, 2010; and (3) a court has not previously modified or considered his sentence on the merits under the Fair Sentencing Act. See FSA § 404(a)-(c). Both parties agree that Defendant committed his offense and was sentenced before August 3, 2010, and that the Court has not previously considered or modified his sentence under the Fair Sentencing Act. Their dispute focuses on whether Defendant meets the requirements of the first element: that is, whether his conviction resulted from a violation of a federal criminal statute modified by section 2 of the Fair Sentencing Act. Defendant argues that that he falls within those parameters on three bases: (1) the Fair Sentencing Act amended the penalties for his statute of conviction; (2) the Fair Sentencing Act amended an enhancement provision of § 841(b)(1) applicable to him; and (3) modification of his sentence is appropriate because of a precedential change in caselaw. The Government argues that Defendant has not established his eligibility under the FSA. The Court agrees.

### A. Defendant's conviction did not result from a violation of a federal criminal statute modified by section 2 of the Fair Sentencing Act.

Defendant's Judgment does not identify which subsection of 841(b)(1) applies to his conviction and penalty. The Judgment states only that Defendant was convicted under § 841(b)(1) for "Possession with Intent to Distribute 500 Grams of a Mixture and Substance Containing a Detectable Amount of Cocaine." *See* Judgment (Doc. 128). That language mirrors the language in §§ 841(a)(1) and 841(b)(1)(B)(ii)(II), which establish a penalty for possession with intent to distribute *"500 grams or more of a mixture or substance containing a detectable amount of–(II) cocaine*, its salts, optical and geometric isomers, and salts of isomers." (emphasis added). The almost identical language between the judgment and the statute suggests that

Defendant was sentenced under § 841(b)(1)(B)(ii)(II). Because § 841(b)(1)(B)(ii)(II) penalizes possession with intent to distribute powder cocaine, and the FSA addresses a specific cocaine base subset in § 841(b)(1)(B)(iii) , the Government argues that Defendant's conviction is not a covered offense.

Defendant does not dispute that his conviction was for possession of powdered cocaine. According to Defendant, the difference between powder cocaine and cocaine base is immaterial because § 841(b)(1) is his offense of conviction. Defendant contends that because section 2 states that "the Controlled Substances Act (21 U.S.C. 841(b)(1) is amended," it effectively amends all offenses that fall under § 841(b)(1) and so includes both powder cocaine under (b)(1)(B)(ii)(II) and cocaine base under (b)(1)(B)(iii).

In making this argument, Defendant misapplies section 2 of the Fair Sentencing Act. Section 2 explicitly amends only subparagraphs (A)(iii) and (B)(iii) of § 841(b)(1). These subsections refer only to cocaine base, which is a substance separate and distinct from powder cocaine. In *DePierre*, the Supreme Court explained:

> Clause (iii) penalizes offenses involving "a mixture or substance described in clause (ii) which contains cocaine base." §§ 841(b)(1)(A)(iii), (B)(iii) (emphasis added). In other words, clause (ii) imposes a penalty for offenses involving cocaine-related substances generally, and clause (iii) imposes a higher penalty for a subset of those substances—the ones that "contai[n] cocaine base."

*DePierre*, 564 U.S. at 81 (alterations in original); *see also United States v. Thurmond*, 7 F.3d 947, 953 (10th Cir. 1993) (discussing the differences in penalties for powder cocaine and cocaine base). The Fair Sentencing Act changes the penalties only for the cocaine base subset, leaving untouched the penalties for powder cocaine.

Moreover, the purpose of section 2, which is entitled "COCAINE SENTENCING DISPARITY REDUCTION," is to reduce the sentencing inequality between those convicted for powder cocaine offenses and those convicted for cocaine base offenses. *See* the Fair Sentencing

Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (describing itself as "[a]n Act To restore fairness to Federal cocaine sentencing."). To read the statute as Defendant urges would make meaningless the statute's goal of ending inequalities between penalties for powder cocaine and cocaine base offenses.

Next Defendant suggests that caselaw places an emphasis on the statute of conviction as opposed to the conduct leading to the offense. He cites *United States v. Opher*, 404 F. Supp. 3d 853 (D.N.J. 2019) stating that it and a large number of cases hold that it is the "statute of conviction that determines whether a person is entitled to consideration of a sentence reduction under the First Step Act, not the specific act the person did to violate the statute." Motion (Doc. 180) at 7. While Defendant correctly cites *Opher's* holding, *Opher* offers no support to his argument.

In *Opher*, defendants had been charged with conspiracy to possess with intent to distribute 5 kilograms or more of powder cocaine and 50 grams or more of cocaine base. *Opher*, 404 F. Supp. 3d at 858. Defendants argued that their conviction for 50 grams or more of cocaine base triggered the Fair Sentencing Act. *Id.* In opposition, the Government argued that offenders were eligible for relief only if the quantities of cocaine base in their offense conduct fell below the statute as amended by the Fair Sentencing Act. *Id.* at 859. In making this argument, the Government focused on the actual drug quantities, not the quantities specified in the elements of the charged statute. *Id.* Alternatively, the Government argued that because the defendants had also trafficked in large quantities of powder cocaine that could have independently triggered the statutory penalty scheme of § 842(b)(1)(A), the FSA did not apply. *Id*. at 859.

After examining the language of the FSA and the Fair Sentencing Act, the *Opher* court held that a defendant established eligibility for relief under the Fair Sentencing Act based on the elements of the offense of conviction, not the actual quantities established by a plea agreement or

9

at trial.[18] *Id*. at 865. Because the *Opher* defendants' conviction included cocaine base, the defendants were eligible for modification under the FSA. *Id*. The simultaneous powder cocaine conviction did not destroy the defendants' eligibility but could be a factor when determining whether modification was appropriate. *Id* at 865-66. But nothing in *Opher* holds that a powder cocaine offense is treated the same as a cocaine base offense when determining the eligibility of a defendant for sentence modification under the FSA.

Defendant was charged with a single count involving powder cocaine. The FSA does not apply to powder cocaine offenses. By its terms, the FSA applies only to cocaine base offenses. In the absence of statutory authority under § 3582(c)(1)(B), the Court does not have jurisdiction to modify Defendant's sentence.

### B. The FSA does not apply retroactively to career offender enhancements

Alternatively, Defendant argues that under the FSA he is no longer a career offender and so is entitled to a sentence modification. This argument is based on a change the FSA made to a statutory penalty enhancement in § 841(b)(1)(B). Before the passage of the FSA, the enhancement applied if defendant had a prior conviction for a "felony drug offense." As defined by 21 U.S.C. § 802(44), a "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Because Defendant had three prior state drug

---

[18] Like *Opher*, numerous courts have found that the FSA applies to the charged offense and not conduct. *See, e.g., United States v. Dodd*, 372 F. Supp. 3d 795, 797 (S.D. Iowa 2019) ("The First Step Act, however, applies to offenses and not conduct"); *United States v. Mack*, 404 F. Supp. 3d 871, 887 (D. N.J. 2019) (same); *United States v. Stone*, —F. Supp. 3d—, 2019 WL 4259455,*2 (M.D. Tenn. 2019) (same).

convictions,[19] at sentencing, the Court applied the enhancement. *See* Transcript of Evidentiary Hearing and Sentence Hearing (Doc. 129) at 9-10, 50-51. The enhancement resulted in a maximum term of life imprisonment. *See* § 841(b)(1)(B) (2018) ("If any person commits such a violation after a prior conviction for a felony drug offense . . . has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment). After the FSA, the enhancement is applicable only if a defendant has committed a "serious drug felony." FSA § 401(a). The term "serious drug felony" is defined in 18 U.S.C. § 924(e)(2)(A)(i) as a controlled substance offense "for which a maximum term of imprisonment of ten years or more is prescribed by law."

Defendant argues that if he were to be sentenced today, the § 841(b)(1)(B) enhancement would not apply because his prior drug convictions were not serious drug felonies. Therefore, the maximum sentence Defendant could have received would have been 40 years. A maximum term of 40 years would have decreased his sentencing range. *See* U.S.S.G. § 4B1.1 (defining career offenders and penalties). Defendant is correct that the FSA's amending language to the enhancement changes any sentence imposed after its passage, but Defendant incorrectly assumes that the amendment has retroactive effect.

Unless the FSA explicitly makes a provision retroactive, it applies only where "a sentence for the offense has not been imposed as of [the] date of enactment. § 401(c). The FSA did not make its amendment to the enhancement provision retroactive. *See also United States v. Wiseman*, 932 F.3d 411, 471 (6th Cir. 2019) (stating the FSA's amendment of the enhancement provision is prospective only). As the FSA's amendment of the enhancement provision is not

---

[19] Before a court may apply the enhancement, the Government must file an information under 21 U.S.C. § 851(a) informing the defendant and court of the qualifying convictions, which here, the Government did. *See* ENHANCEMENT INFORMATION FILED PURSUANT TO 21 U.S.C. § 851 (Doc. 19).

11

retroactive, the Court does not have statutory authority under 3582(c)(1)(B) to modify

Defendant's sentence on this basis.[20]

### C. Overruled precedent does not provide a basis for sentence modification under § 3582(c)(1)(B)

Defendant's final argument is that he is entitled to sentence modification because of a precedential change in caselaw. According to Defendant, when the Court sentenced him, the Court declined to make any substantial departures from the Guidelines because it felt constrained by the ruling in *United States v. Garcia-Lara*, 499 F.3d 1133 (10th Cir. 2007), judgment vacated and remanded by *Garcia-Lara v. United States*, 553 U.S. 1016 (2008).[21] In *Garcia-Lara*, the Tenth Circuit ruled that a variance or departure outside an applicable Guidelines range must be founded on sufficiently unusual circumstances. *Garcia-Lara*, 499 F.3d at 1141. After the Court sentenced Defendant, the Supreme Court reversed *Garcia-Lara*. In *Gall v. United States*, 552 U.S. 38, 47 (2007), the Supreme Court explained that an appellate court may not impose a rule that requires "extraordinary circumstances" to justify a sentence outside the guidelines range. Defendant concludes when the Supreme Court overruled *Garcia-Lara*, it granted this Court authority to reconsider his sentence.

However, Defendant does not identify any legal basis for this supposition. As stated supra, the Court may only modify a sentence when Congress has expressly given it authority to do so. *Blackwell*, 81 F.3d at 947. Statutory authority to modify a sentence cannot be grounded on the overruling of a case.

---

[20] The Government argues that the FSA does not authorize plenary resentencing and cannot change a defendant's status as a career offender. Because the Court concludes that it does not have the statutory authority to modify a sentence imposed for a powder cocaine offense, it will not address whether the FSA encompasses plenary sentencing authority for cocaine base offenses.

[21] This summary is not a ratification of Defendant's conclusions. As the Court explains infra, it does not have the authority to modify Defendant's sentence based on overruled precedent. A discussion of the Court's reasoning at sentencing is irrelevant.

IT IS THEREFORE ORDERED THAT DEFENDANT'S AMENDED MOTION FOR SENTENCE REDUCTION AND EARLY RELEASE PURSUANT TO THE FIRST STEP ACT (Doc. 180) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE