IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                          CR. No. 04-666 JAP

TRAVIS DENNY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On April 23, 2020, Defendant Travis Denny (Defendant) filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] On May 11, 2020, the United States (Government) responded[2] and on May 22, 2020, Defendant replied.[3]

After reviewing the briefings and appendices, the Court indicates under Federal Rule of Criminal Procedure (Rule) 37 that if this case were within the Court's jurisdiction, it would grant Defendant's Motion.[4]

### FACTS

On April 13, 2004, a federal grand jury indicted Defendant on one-count of possession with intent to distribute 500 grams or more of a substance containing cocaine in violation of 21 U.S.C. §§

---

[1] *See* EMERGENCY MOTION FOR AN INDICATIVE RULING REGARDING COMPASSIONATE RELEASE (Doc. 198) (Motion in text, Mot. in citations).
[2] *See* UNITED STATES' RESPONSE TO EMERGENCY MOTION FOR AN INDICATIVE RULING ON COMPASSIONATE RELEASE (Doc. 203) (Response).
[3] *See* REPLY IN SUPPORT OF EMERGENCY MOTION FOR AN INDICATIVE RULING REGARDING COMPASSIONATE RELEASE (Doc. 204) (Reply)
[4] Defendant has filed two Motions to Seal Portions of his medical records. On April 23, 2020, Defendant filed an UNOPPOSED MOTION TO FILE ATTACHMENT C TO MOTION FOR INDICATIVE RULING REGARDING COMPASSIONATE RELEASE UNDER SEAL (Doc. 199) and on May 22, 2020, Defendant filed MOTION TO FILE ATTACHMENT B TO REPLY IN SUPPORT OF EMERGENCY MOTION FOR INDICATIVE RULING REGARDING COMPASSIONATE RELEASE UNDER SEAL (Doc. 205). The Court will deny both motions.

841(a)(1) and 841(b)(1)(B).[5] On August 11, 2004, the grand jury superseded the indictment to include a Sentencing Allegation that under United States Sentencing Guideline (Guidelines in text, U.S.S.G in citations) § 3C1.1, Defendant "willfully obstructed, impeded or attempted to impede the administration of justice during the course of the investigation by striking a government official and attempting to flee with the cocaine he possessed."[6]

On January 18, 2007, after a motion to suppress was granted by the Court but overturned by the Tenth Circuit,[7] Defendant pleaded guilty to the Superseding Indictment without the benefit of a plea agreement. On September 26, 2007, the Court sentenced Defendant. In determining the sentence, the Court found that Defendant was a career offender whose criminal history was overrepresented. The Court reduced Defendant's criminal history category from a VI to a V, which gave Defendant a guideline range of 324 to 405 months. The Court then varied 84 months downward and imposed a sentence of 240-months in custody.[8]

On November 2, 2009, Defendant filed a Motion under 28 U.S.C. § 2255 seeking to vacate or adjust his sentence.[9] On August 18, 2010, Magistrate Judge Karen B. Molzen recommended that the Court deny Defendants Section § 2255 Motion because it was untimely.[10] On December 16, 2010, the Court adopted Judge Molzen's recommendations over Defendant's objections.[11] Defendant appealed. On November 16, 2012, the Tenth Circuit affirmed.[12]

Subsequently, the United States Sentencing Commission adopted and made retroactive Amendment 782, which lowered the sentencing drug tables by two levels. On February 10, 2015,

---

[5] *See* INDICTMENT (Doc. 11).
[6] *See* SUPERSEDING INDICTMENT (Doc. 29).
[7] *See* MEMORANDUM OPINION AND ORDER (Doc. 47); *United States v. Denny*, 441 F.3d 1220 (10th Cir. 2006).
[8] *See* TRANSCRIPT OF EVIDENTIARY HEARING AND SENTENCE HEARING (Doc. 129) at 50-51.
[9] *See* motions to VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 (Doc. 130), MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255 (Doc. 131), and AFFIDAVIT (Doc. 132).
[10] *See* PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 152).
[11] *See* DEFENDANT-PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION FILED AUGUST 18, 2010 (Doc 154), and ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 156).
[12] *See United States v. Denny*, 694 F.3d 1185 (10th Cir. 2012).

Defendant filed a motion asking the Court to resentence him under 18 U.S.C. § 3582(c)(2).[13] The Court denied Defendant's motion, finding that Defendant was ineligible for sentence modification because his sentencing range was not based on the drug quantity table but on his status as a career offender.[14] After the Court denied Defendant's motion for reconsideration,[15] Defendant asked the Tenth Circuit for authorization to file a second or successive petition under § 2255. The Tenth Circuit denied his request.[16]

On May 28, 2020, Defendant filed a motion to modify his sentence under the Fair Sentencing Act of 2010 as made retroactive by the First Step Act.[17] Subsequently, Defendant amended his motion.[18] On January 29, 2020, the Court denied his motion, finding that Defendant's conviction did not arise from a federal criminal statute modified by section 2 of the Fair Sentencing Act.[19] On April 25, 2020, Defendant appealed the Court's ruling.[20]

Defendant is a fifty-year-old man with chronic medical conditions that include congenital atrioventricular block, obesity, and asthma. Defendant also has a significant family history of heart disease as his father died at 26-years-old of sudden cardiac arrest. *See* Mot. Attach. D, (Doc. 198-4).

The Defendant is serving his sentence in FCI Cumberland. According to the Bureau of Prisons (BOP), the Defendant's current release date is August 23, 2023. *Id.* Attach. A., (Doc. 198-1, 1). Defendant has served approximately 81.2 percent of his sentence.[21]

---

[13] *See* MOTION FOR RETROACTIVE APPLICATION OF UNITED STATES SENTENCING GUIDELINE AMENDMENT 782 PURSUANT TO 18 USC § 3582(c)(2) (Doc. 164).
[14] *See* ORDER (Doc. 167) (Order Denying Motion for Reduced Sentence under § 3582(c)(2)).
[15] *See* ORDER (Doc 174).
[16] *See* ORDER (Doc. 177).
[17] See DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018, (Doc. 178).
[18] *See* DEFENDANT'S AMENDED MOTION FOR SENTENCE REDUCTION AND EARLY RELEASE PURSUANT TO THE FIRST STEP ACT , (Doc. 180).
[19] *See* MEMORANDUM OPINION AND ORDER, (Doc. 186).
[20] *See* NOTICE OF APPEAL, (Doc. 189).
[21] As of May 11, 2020, Defendant had served 14 years, 6 days. This percentage is the statutory percentage, which includes a credit for good time earned and presentence custody. *See* Reply Attach. A., (Doc. 204-1) 4.

**APPLICABLE LAW**

After a court has imposed a sentence, it may modify the sentence only on the narrow grounds delineated in 18 U.S.C. § 3582. One avenue for modification is "compassionate release." Until the First Step Act of 2018 (FSA) was enacted on December 21, 2018, only the BOP could review an inmate's request for compassionate release. *See* FSA, PL 115-391, December 21, 2018, 132 Stat. 5194. The FSA amended § 3582(c)(1)(A) to permit an inmate to bring a motion in federal court. The purpose behind the amendment is indicated in its subtitle, which states that it is intended to "increase[e] the use and transparency of compassionate release." FSA, § 603(b)(1). The inmate may file a motion only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A); *see also* FSA, § 603(b)(1).

Two circumstances permit a court to modify a term of imprisonment under § 3582(c)(1)(A). The one applicable here, § 3582(c)(1)(A)(i) indicates that compassionate release is established when "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).[22] The Guidelines policy statement for compassionate release is in § 1B1.13. U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018).

The text of § 1B1.13 provides that a defendant must show three things to establish his eligibility for sentence modification: 1) "extraordinary and compelling reasons;" 2) the defendant "is not a danger to the safety of any other person or to the community;" and 3) and "the reduction is consistent with this policy statement." §1B1.13(1)-(3). The application notes for § 1B1.13 offer four definitions of

---

[22] A defendant also may be eligible for compassionate release under § 3582(c)(1)(A) (ii) if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community as provided under section 3142(g)." Defendant does not argue that § 3582(c)(1)(A)(ii) is applicable here.

"extraordinary and compelling circumstances." § 1B1.13 cmt. n.1(A)-(D). Defendant relies on the definition found in 1(D), "Other Reasons."

Under 1(D), compassionate release may be appropriate for "an extraordinary and compelling reason other than or in combination with, the reasons described in subdivisions (A) through (C)."[23] *Id.* cmt. 1(D).

## ANALYSIS

Defendant has filed a notice of appeal with the Tenth Circuit challenging the Court's denial of a motion to reduce his sentence under the FSA. Because of that pending appeal, absent an exception, the Court does not have jurisdiction to consider this Motion for compassionate release. Rule 37 provides an exception if "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Court will consider the merits of Defendant's Motion.

The parties agree that Defendant's motion is ripe for this Court's review. Defendant argues that the COVID-19 pandemic, its general impact on the prison population, and its specific impact on him justifies modification of his sentence. The Government counters that Defendant has not met his burden on two of the statute's three criteria. First the Government asserts that COVID-19 is not an extraordinary and compelling reason because the BOP has taken effective action to prevent infection and to protect inmates. Next the Government argues that because the Court sentenced Defendant as a career offender, he is a danger to the community.

### A.  COVID-19 is an Extraordinary and Compelling Reason

Defendant seeks compassionate release, arguing that COVID-19 presents him with a

---

[23] The other three categories are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; and (C) Family Circumstances.

5

heightened risk of death due to chronic medical conditions, which include congenital atrioventricular block, obesity, and asthma. Defendant provides evidentiary support for his medical conditions with medical records and documents demonstrating that he has a familial history of cardiac related death. As further support, Defendant cites Government legislation, steps taken in other venues to minimize the effect of COVID-19, letters sent by both lawyers and medical professionals stressing the extraordinary danger COVID-19 poses to inmates because of living conditions in penitentiaries, and several newspaper and magazine articles detailing the spread of the disease and its impact on our society.

The Government agrees that COVID-19 is a pandemic that has a world-wide impact.[24] The Government appears to concede that Defendant has chronic medical conditions, as the Government does not refute Defendant's argument that if he is infected by COVID-19, these conditions make him uniquely vulnerable to serious health consequences and/or death.[25] Rather, the Government focuses its argument on the premise that COVID-19 generally cannot establish an extraordinary and compelling reason for compassionate release because the BOP has taken adequate precautions to protect inmates. To support this argument, the Government refers the Court to the BOP's website where the BOP lists the "significant" measures it has established to combat the disease.

Notably, while the BOP's plans are comprehensive as applied to the general prison population, the Government does not explain how these plans will provide special protection to Defendant with his vulnerabilities. Similarly, the Government's evidence does not rebut Defendant's evidence that the Government has taken the position in other courts and through legislation that COVID-19 presents a

---

[24] The World Health Organization (WHO) declared COVID-19 a pandemic on March 11, 2020. See WHO, https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last visited July 30, 2020).

[25] The Centers for Disease Control and Prevention (CDC) has published a list of conditions that put people of any age at an increased risk of serious illness from COVID-19. Two of Defendant's conditions appear on the list: obesity and serious heart conditions. According to the CDC, Defendant's third condition, asthma, "might" put him "at an increased risk for severe illness from COVID-19. Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on August 6, 2020).

high risk to inmates and particular risk to inmates with certain medical conditions.[26] The Court concludes that Defendant has met his burden and has shown that COVID-19 with its potential impact on him specifically presents extraordinary and compelling reasons for compassionate release.

### B.  Defendant is Not a Danger to Society and the § 3553(a) Factors Favor Release

Before reducing or modifying a defendant's sentence, a court must consider whether a defendant is a "danger to the safety of any other person or to the community" as well as factors the court considered prior to a defendant's sentencing. Factors that may be helpful to the Court in its analysis include: the nature and circumstances of an inmate's offense, the inmate's criminal history, the length of the sentence and time served, the inmate's current age, the inmate's age at the time of offense and sentence, the inmate's release plans, and whether release would minimize the seriousness of the offense.[27] *See* Federal Bureau of Prisons P5050.50, Compassionate Release Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) 2019 (Policy); 18 U.S.C. § 3553(a). The Government argues that these favors weigh against Defendant.

According to the Government, three factors indicate that Defendant is a danger to society: 1) Defendant committed a drug crime; 2) Defendant's sentence was enhanced because Defendant hit a peace officer who attempted to detain him; and 3) Defendant is a career offender. Defendant admits committing a serious offense, but in all other aspects, he asserts the Government overstates his crimes. The Court agrees.

First, the Court finds it notable that Defendant's adult history contains no violent crimes.

---

[26] *See* Office of the Attorney General, Memorandum for the Director of Bureau Prisons Regarding Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic, https://www.themarshallproject.org/documents/6820452-Memorandum-from-Attorney-General-to-BOP-re-Home (last visited August 6, 2020); *see also* Coronavirus Aid, Relief and Economic Security Act (CARES Act), Pub. L. 116-136, March 27, 2020, 134 Stat 281, Div. B, Title II § 12003(b)(2) (giving the BOP the authority to put in home confinement a statutorily ineligible inmate, if the inmate is, by age or medical condition in accordance with CDC guidelines particularly vulnerable to the COVID-19 virus).

[27] The BOP Policy Statement is helpful to the Court and is entitled to "some deference" but is not controlling. *See United States v. Saldana*, 807 Fed. App'x 816, 819 (10th Cir. 2020) (citing *Reno v. Koray*, 515 U.S. 50, 61 (1995) for its "holding that BOP program statements are entitled to 'some deference' when they reflect a 'permissible construction of the statute.'") (further citations omitted)).

Although Defendant was arrested once when he was 18 years old for firearms possession, at the time of his sentencing for this crime, he had no "offenses involving weapons over the last 20 years, roughly." PSR at 11, 16; Sentencing Tr. 15:12–16. The fact that he struck a peace officer is concerning, but he has served a significant length of time, over eighty percent of his sentence, and there is no indication that he has used violence again. Moreover, Defendant was a young man when he committed this offense, he is now middle-aged, and less likely to reoffend.

Next, the Court finds it significant that the three fifteen-year-old drug convictions that resulted in Defendant's classification as a career offender were non-violent offenses. If sentenced today, those three convictions could not serve as predicate offenses for a career offender enhancement because they no longer meet the statutory criteria of serious drug felonies.[28] Additionally, the Guidelines have reclassified Defendant's underlying crime by lowering its offense level from 26, with a suggested sentencing range of 63-74 months, to an offense level of 24, with a suggested range of 51-63 months. While the offense was serious, Defendant has served over 100 months, significantly more than a similarly situated defendant would today. More important, Defendant has paid for his conduct by serving that time without infractions. Keeping Defendant incarcerated for the approximate two years remaining on his sentence will not meaningfully advance the purposes of sentencing.

Further, while incarcerated, Defendant has worked hard to prepare himself to contribute meaningfully to society upon release. He has taken part in educational programs and engaged in work within the prison system. He plans on living with his wife upon his release, and family correspondence on his behalf demonstrates significant support. Defendant has shown that he is one of those persons for whom compassionate release is appropriate.

Should the Tenth Circuit Court of Appeals remand the case to this Court, the Court would order

---

[28] The FSA changed the statutory penalty enhancement. Prior to the FSA, the enhancement applied if a defendant had prior felony drug offenses, which were drug offenses "punishable by imprisonment for a term exceeding one year." After the FSA, the enhancement applies only if a defendant has a prior "serious drug offense," which as defined in 18 U.S.C. § 924(e)(2)(A)(i), is a controlled substance offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." None of Defendant's prior state crimes met this criterion.

as follows: Defendant's EMERGENCY MOTION FOR AN INDICATIVE RULING REGARDING COMPASSIONATE RELEASE (Doc. 198) is GRANTED; Defendant's UNOPPOSED MOTION TO FILE ATTACHMENT C TO MOTION FOR INDICATIVE RULING REGARDING COMPASSIONATE RELEASE UNDER SEAL (Doc. 199) is DENIED; Defendant's MOTION TO FILE ATTACHMENT B TO REPLY IN SUPPORT OF EMERGENCY MOTION FOR INDICATIVE RULING REGARDING COMPASSIONATE RELEASE UNDER SEAL (Doc. 205) is DENIED.

*[signature: James A. Parker]*
SENIOR UNITED STATES DISTRICT JUDGE